IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CURTIS DAVIS, # 196337,         )
                                           )
        Petitioner,        )
                                           )
     v.                    )     Civil Action No. 2:15cv562-WKW
                                           )           (WO)
CHERYL PRICE, et al.,       )
                                           )
        Respondents.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Curtis Davis, a state inmate, styles this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  In his petition, Davis claims that his Alabama sentence of life without parole was based on an improper enhancement.[2]  He alleges that his 1997 sentence by the Pike County Circuit Court was enhanced because of three prior Florida convictions that were based on *nolo contendere* pleas; he contends that under the Alabama Habitual Felony Offender Act, these pleas do not count as prior felony convictions.  For the reasons that follow, Davis's petition should be dismissed under 28 U.S.C. § 2244(b)(3) as a successive § 2254 petition filed without the required appellate court authorization necessary to support this court's jurisdiction.

---

[1] Davis filed this petition in the United States District Court for the Northern District of Alabama, which transferred the petition to this court under 28 U.S.C. § 2241(d).  *See* Doc. No. 3.

[2] Davis was convicted of two counts of first-degree robbery.

## I.  DISCUSSION

Because Davis attacks his sentence and he is in custody pursuant to the judgment of the Alabama court, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed under 28 U.S.C. § 2241.  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11ᵗʰ Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11ᵗʰ Cir. 2004).  "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787.  Accordingly, this court will treat the instant petition as a § 2254 petition and must enforce any procedural requirements applicable to § 2254 petitions.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3]  28 U.S.C. § 2244(b)(3)(B) & (C).

---

[3] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

(continued...)

2

The records of this court reflect that Davis, in July 2003, filed a previous petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the same sentence of life without parole entered against him in 1997 by the Pike County Circuit Court.  *See Davis v. Bullard, et al.*, Civil Action No. 2:03cv761-MHT, Doc. No. 1.  In that previous habeas action, this court denied Davis relief and dismissed the case with prejudice on the ground that Davis failed to file the § 2254 petition within the one-year limitation period in 28 U.S.C. § 2244(d).[4]  *See id.*, Doc. Nos. 11, 13, and 14.

---

[3](...continued)
Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

[4] The dismissal of a § 2254 petition on statute of limitations grounds under § 2244(d) qualifies as an adjudication on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the
(continued...)

Davis has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Davis] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934..

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The instant petition for habeas corpus relief be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3), as Davis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

---

[4](...continued)
requirements of 28 U.S.C. § 2244(b)(1) through (4). *Murray v. Greiner*, 394 F.3d 78. 79 (2d Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). In his previous habeas petition, Davis presented the same claim about the allegedly improper use of his Florida convictions to enhance his Alabama sentence. Although the petition was dismissed on statute of limitations grounds, this court noted that Davis's claim regarding the improper enhancement of his sentence lacked merit. *Davis v. Bullard, et al.*, Civil Action No. 2:03cv761-MHT, Doc. No. 11 at 1 n.1.

It is further

ORDERED that on or before August 20, 2015, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of August, 2015.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE